61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DEVON INDUSTRIES, INC., Plaintiff-counter-defendant-Appellant,
v.
AMERICAN MEDICAL INTERNATIONAL, INC.,
Defendant-counter-claimant-Appellee,
Michael Hoftman, aka Moshe Hoftman; Israel Yaniv; Steven
Gryczman; Eli Marmur; Defendants-Appellees.
 Nos. 94-55074, 94-55211.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1995.
Decided July 21, 1995.
As Amended on Grant of Motion for Clarification; Rehearing
and Suggestion for Rehearing En Banc Denied Nov.
7, 1995.*
 
 1
 Before: BEEZER and TROTT, Circuit Judges, and SHUBB, District Judge.**
 
 
 2
 MEMORANDUM***
 
 I. OVERVIEW
 
 3
 Devon Industries, Inc. ("Devon") appeals from a judgment of the district court dismissing its trade secrets and unfair competition action as against all defendants. American Medical Manufacturing, Inc. ("AMMI") cross appeals the district court's grant of Devon's motion for summary judgment on AMMI's counterclaim for tortious interference with prospective economic advantage. The parties agree that the alleged trade secrets or confidential information were the concepts of a flanged surgical light handle cover and a vertical surgical blade remover. We affirm.
 
 II. PROCEDURAL CONTEXT
 
 4
 Devon filed a complaint in a California state court against AMMI, Hoftman, Yaniv, and other individual defendants, alleging misappropriation of trade secrets, unfair competition, Lanham Act violations, breach of contract, trademark infringement and inducing breach of contract. The defendants removed the action to federal court, where AMMI filed a counterclaim against Devon, Sandel and Horan for tortious interference with prospective economic advantage.
 
 
 5
 On July 29, 1993, the district court granted Devon and the individual cross-defendants summary judgment on AMMI's tortious interference counterclaim. At a bench trial, Devon sought equitable relief concerning two alleged trade secrets: a disposable surgical light handle cover and a vertical surgical blade remover. Devon appeals the adverse judgment of the district court on its claims of (1) misappropriation of trade secrets; and (2) unfair competition. AMMI appeals the grant of summary judgment to Devon on its tortious interference claim.
 
 III. ANALYSIS
 A. Trade Secrets Claim
 
 6
 The district court granted judgment for AMMI, et al. with respect to Devon's trade secrets claim under California's version of the Uniform Trade Secrets Act, Cal.Civ.Code Sec. 3426.1. The district court found that Hoftman did not develop the AMMI light handle cover using elements consisting of misappropriated trade secrets of Devon. The district court also found that Devon failed to employ reasonable security measures to protect the secrecy of Devon's light handle cover design. In addition, the district court found that because the AMMI vertical blade remover was not a later generation of Yaniv's February, 1991 prototype developed while working at Devon, neither Hoftman, Yaniv, nor AMMI misappropriated any trade secrets with respect to the vertical blade remover.
 
 
 7
 Devon vigorously argues that Hoftman should have been judicially estopped from asserting that the AMMI flanged light handle device was composed of elements in the public domain which had lost their status as trade secrets by virtue of two patents. Devon also argues that the district court failed to apply the law of trade secrets to AMMI's vertical blade remover.
 
 
 8
 AMMI argues that the district court did not clearly err in finding that (1) the alleged light handle cover trade secret was disclosed to the public in marketed products; (2) Devon did not take reasonable steps to protect the secrecy of its research and developments; and (3) AMMI's vertical blade remover is not a second generation of Yaniv's February 1991 invention. AMMI also argues that the district court did not abuse its discretion in declining to apply the doctrine of judicial estoppel.
 
 
 9
 We conclude the district court did not abuse its discretion in declining to apply the doctrine of judicial estoppel. We also conclude the district court correctly determined that no trade secrets were involved in the development of either the AMMI light handle cover or the AMMI vertical blade remover.
 
 1. Judicial Estoppel
 
 10
 Hoftman represented to the U.S. Patent Office in his patent application that his product was new and distinguishable from the previous Bickelman and Quintanilla patents. He represented to the district court that the idea was in the public domain and cited the Bickelman and Quintanilla patents, as well as evidence concerning prototype displays in "Devon 101" and Sandel's declaration in the Illinois patent-infringement litigation against Quantech, a competitor. Thus, Devon argues, Hoftman is playing "fast and loose" with the courts because he has taken inconsistent positions before the U.S. Patent Office and the federal courts. See Yanez v. United States, 989 F.2d 323, 326 (9th Cir.1993). A court invokes judicial estoppel at its discretion. Id. We conclude the district court did not abuse its discretion in declining to apply the doctrine of judicial estoppel.
 
 
 11
 First, Devon's argument presumes that novelty for purposes of a patent application is equivalent to a trade secret, but cites no authority for this proposition. Even if it were so, we reject any attempt by Devon to extend this extraordinary doctrine to apply to nonjudicial proceedings before an administrative agency. Binding authority in our circuit precludes our doing so.
 
 
 12
 The purpose of judicial estoppel is to "protect the integrity of the judicial process." Morris v. California, 966 F.2d 448, 453 (9th Cir.1991), cert. denied, 113 S.Ct. 96 (1992). Under both the minority and majority views, there must have existed a prior judicial proceeding at which the party to be judicially estopped took a contradictory position. United States v. Garcia, 37 F.3d 1359, 1367 (9th Cir.1994), cert. denied, 115 S.Ct. 1699. Here, no prior judicial proceeding occurred at which Hoftman could have taken a contrary position: Devon merely draws attention to the patent application. Accordingly, we conclude the district court did not abuse its discretion in declining to apply the doctrine, and we reject Devon's argument.
 
 
 13
 We decline Devon's invitation to adopt the approach taken by the Seventh Circuit in Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420 (7th Cir.1993). Even if we were to agree with the Seventh Circuit that the doctrine of judicial estoppel may be applied to "proceedings in which a party to an administrative proceeding obtains a favorable order that he seeks to repudiate in a subsequent judicial proceeding," id. at 1427, we note that the Seventh Circuit further concluded that
 
 
 14
 if the court in the second suit is satisfied that the position adopted in the first suit was clearly wrong yet had been advanced in good faith by the party now sought to be estopped to repudiate it, the court is not required to apply the doctrine of judicial estoppel.
 
 
 15
 Id. at 1428. In other words, the doctrine of judicial estoppel is discretionary, pursuant to both the Seventh Circuit authority Devon urges us to adopt and to our circuit's authority. We conclude the district court did not abuse its discretion in declining to apply judicial estoppel in this case.
 
 2. Trade Secrets
 
 16
 Whether information is a trade secret is an issue of fact, reviewed for clear error. See Moss, Adams & Co. v. Shilling, 224 Cal.Rptr. 456, 458 (Cal.Ct.App.1986).
 
 
 17
 The parties agree that the alleged trade secrets were (1) the concept of a flanged light handle cover; and (2) the concept of a vertical blade remover. Devon concedes that the findings of fact made by the district court are supported by the evidence. Thus we conclude the district court did not clearly err in finding that the concept of a flanged light handle cover and a vertical blade remover were not trade secrets at the time AMMI marketed its devices.
 
 
 18
 It is axiomatic that in order for a trade secret to warrant legal protection, it must be secret. Even so, the evidence of a bulletin board in "Devon 101" displaying prototypes of Devon research for anyone to see, and the unsealed Sandel disclosure might not have disqualified the concepts from being trade secrets. Under California law, information can be a trade secret even though it can be readily ascertained, so long as it has not yet been ascertained by others in the industry. ABBA Rubber Co. v. Seaquist, 286 Cal.Rptr. 518, 529 (Cal.Ct.App.1991). Nevertheless, we conclude that other evidence in the record, namely the existence of the two other patents revealing the concept of a flanged light handle cover and other patents for vertical blade removers, supports the district court's finding of an absence of a trade secret.
 
 
 19
 The record does suggest that Devon required some employees to sign confidentiality agreements. In American Credit Indemnity Co. v. Sacks, 262 Cal.Rptr. 92, 97 (Cal.Ct.App.1989), reasonable steps to insure the secrecy of a trade secret were found where the company required its employees to sign confidentiality agreements concerning certain confidential information, even though the employee-defendant claimed she had never signed any such agreement. We conclude, however, that the record is mixed regarding whether Devon's efforts in this regard were sufficient to maintain any secrecy of the concept of a flanged light handle cover or vertical blade remover, and that therefore the district court's finding in this regard is not clearly erroneous.
 
 
 20
 Finally, we conclude that even if Yaniv's February, 1991 vertical blade remover prototype was a trade secret, the record could support a finding that he did not use that information to help develop AMMI's version. Hoftman, as Director of Research and Development, may well have been aware that Devon was developing a vertical blade remover. The concept of a vertical blade remover, however, does not appear to have been secret by the time of the alleged misappropriation of the trade secret. Furthermore, the district court found that both Hoftman and Yaniv simultaneously developed alternative versions of a vertical blade remover: Hoftman's version used a wedge to remove the blade, while Yaniv's prototype used a curved surface to remove the blade. The AMMI product uses a wedge. Hence the record supports the finding by the district court that the AMMI version was derived from Hoftman's June, 1991, inspiration, and not from Yaniv's February, 1991 prototype. Accordingly, we conclude the record supports the district court's finding that AMMI did not misappropriate any trade secret through Yaniv with respect to its vertical blade remover product.
 
 B. Unfair Competition
 
 21
 Devon insists it preserved a separate unfair competition claim, asserting a theory of recovery premised on misappropriation of confidential information. At oral argument and in a supplemental letter, Devon directed us to a "Pre-trial Conference Order" as evidence in the record that it had preserved this issue. The "Pre-trial Conference Order" to which Devon referred us, however, was never issued by the district court nor entered on the docket; it was merely lodged. Thus the "Pre-trial Conference Order" is not in the record before us and cannot be used to support Devon's assertion that it preserved the issue for trial, let alone for appeal.
 
 
 22
 Devon's First Amended Complaint does raise unfair competition as its Second Cause of Action. In this Complaint Devon pleads many theories of recovery under its unfair competition cause of action, but Devon does not plead a theory of recovery premised on misappropriation of confidential information. Although under California law Devon could have brought a cause of action for unfair competition based on a theory of misappropriation of confidential information, and that cause of action need not have been coextensive with its trade secrets claim, it did not plead such a cause of action. Therefore, we conclude that Devon waived any unfair competition cause of action based on a misappropriation of confidential information by failing to raise it in the proceedings before the district court. Further, because Devon raises this theory of recovery only in its reply brief, we cannot now consider it. Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990).
 
 
 23
 Thus we are compelled to conclude that the only theory of recovery for Devon's unfair competition claim properly before the district court and properly preserved for review was coextensive with its trade secrets claim. Therefore, because we affirm the district court's judgment for AMMI on Devon's trade secrets claim, we also affirm the district court's judgment for AMMI on Devon's unfair competition claim.
 
 C. Tortious Interference
 
 24
 AMMI cross appeals the district court's grant to Devon of its motion for summary judgment on AMMI's counterclaim for tortious interference with prospective economic advantage. AMMI argues that the district court erred in excluding certain hearsay statements, and then in concluding that insufficient evidence had been presented to rebut the motion for summary judgment. Devon argues that the district court did not abuse its discretion in excluding those statements.
 
 
 25
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. Under California law, interference with prospective economic advantage requires: (1) an economic relationship between the plaintiff and some third party containing the probability of future economic benefit to the plaintiff; (2) knowledge by the defendant of the existence of that relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to the plaintiff proximately caused by the acts of the defendant. Blank v. Kirwan, 703 P.2d 58, 70 (Cal.1985).
 
 
 26
 The district court concluded that certain deposition testimony of Hoftman and Stephen Gryczman going to proximate causation was excludable hearsay. We need not decide whether the district court properly excluded this evidence. Even if Devon's alleged statements to Strickland concerning its litigious intentions did cause Personna to call off negotiations with AMMI, Devon's conduct was protected by the competitor's privilege.
 
 
 27
 The competitor's privilege immunizes acts which would otherwise constitute the tort of interference with prospective economic advantage if (1) the prospective relationship concerns a matter involved in the competition between the plaintiff and the defendant; (2) the purpose of the acts is at least in part to advance the defendant's interest in the competition; and (3) the defendant does not employ wrongful means. A-Mark Coin Co. v. General Mills, Inc., 195 Cal.Rptr. 859, 867 (Cal.Ct.App.1983).
 
 
 28
 Here, AMMI's prospective agreement with Personna concerned the distribution and sale of AMMI's products that were in direct competition with Devon's. This is a matter involved in the competition between Devon and AMMI. Devon's acts had a purpose designed to further Devon's competitive position relative to AMMI: to prevent AMMI from distributing competing products. The question is whether Devon's acts were "wrongful."
 
 
 29
 In order to be wrongful, Devon's statements concerning litigation must have constituted an independent tort. A-Mark, 195 Cal.Rptr. at 867; see also San Francisco Design Ctr. Assocs. v. The Portman Cos., 38 Cal.Rptr.2d 270, 276 (Cal.Ct.App.1995), rev. granted, 895 P.2d 55 (Cal.1995). These statements were not independently tortious. It was not tortious for Devon to state truthfully that it would bring non-frivolous litigation against AMMI. Devon did sue, and while its trade secret claim related to AMMI's light handle cover and blade remover products was not successful, it was not so groundless as to give rise to a claim for malicious prosecution.
 
 
 30
 Devon's true statements to Strickland concerning its intention to sue were privileged. The summary judgment in favor of Devon on AMMI's counterclaim is affirmed.
 
 IV. CONCLUSION
 
 31
 We affirm the judgment of the district court. We also affirm the grant of summary judgment for Devon in AMMI's counter-claim.
 
 
 32
 AFFIRMED.
 
 
 33
 Each party shall bear its own costs on appeal.
 
 
 34
 Before: BEEZER and TROTT, Circuit Judges, and SHUBB, District Judge.
 
 ORDER
 Nov. 7, 1995
 
 35
 The panel has voted to deny the motion to permit the filing of a reply to the answer to the petition for rehearing.
 
 
 36
 The panel has also voted to grant the cross-appellant's motion for clarification. Accordingly, the memorandum filed on July 21, 1995 is ordered amended as follows:
 
 
 37
 With the revision the panel has voted to deny the appellant's petition for rehearing; Judges Beezer and Trott have voted to reject the suggestion for rehearing en banc and Judge Shubb so recommends.
 
 
 38
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.
 
 
 39
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 
 *
 Judges Beezer and Trott have voted to reject the suggestion for rehearing in banc and Judge Shubb so recommends
 
 
 **
 The Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3